IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VAXCEL INTERNATIONAL CO., LTD.,<br><br>    Plaintiff,<br>and<br><br>NORTH TECH INTERNATIONAL CO., LTD.,<br><br>    Counterclaimant in Intervention,<br><br>v.<br><br>HEATHCO LLC,<br>LOWE'S COMPANIES, INC., and<br>LOWE'S HOME CENTERS, LLC,<br><br>    Defendants. | Civil Action No. 1:15-cv-00696<br><br>The Honorable John R. Blakey<br><br>Magistrate Judge Mary M. Rowland |

**DEFENDANTS' RULE 56(D) MOTION FOR CONTINUANCE IN RESPONSE TO PLAINTIFF VAXCEL'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Vaxcel International Co. Ltd.'s ("Vaxcel") cross-motion for partial summary judgment of no invalidity of the patent in suit under 35 U.S.C. § 102 is premature and not ripe for consideration. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, as well as the Court's inherent power to control its docket, Defendants HeathCo LLC, Lowe's Companies, Inc. and Lowe's Home Centers, LLC (together "Defendants") respectfully request a continuance of briefing and consideration of the cross-motion to allow Defendants time to complete fact investigation, fact discovery, claim construction and expert discovery before Defendants are required to respond to the cross-motion.

Contrary to Vaxcel's argument in its cross-motion, Vaxcel's cross-motion does not involve the same material facts and issues of law as those raised in Defendants' pending summary judgment motion. Unlike Vaxcel's cross-motion, Defendants' motion for summary

judgment is a case-dispositive motion regarding the invalidity of the asserted patent, U.S. Patent No. 8,310,163 ("the '163 patent"), that is based upon the fact that Vaxcel's infringement contentions are directed to the same HeathCo light fixtures that have been sold for many years dating back to before the critical date of August 24, 2009. (*See generally* ECF Nos. 76–82.) Because of the unique nature of Defendants' motion, no claim construction is required, nor is any further fact or expert discovery needed for the Court to rule. Indeed, the motion is fully briefed and ready for the Court's consideration.

In contrast to Defendants' case-dispositive, case-shortening and ripe motion, Vaxcel's cross-motion is a non-dispositive, non-shortening and unripe motion for partial summary judgment that addresses only one of Defendants' defenses to the patent infringement claim (namely, no anticipation of claim 7 under 35 U.S.C. § 102 (a) or (b)). Vaxcel's motion does not address any of the other invalidity defenses asserted by Defendants. Therefore, even if the Court were to grant Vaxcel's cross-motion, the action would continue on all remaining issues of infringement and validity.

Regarding the issues raised in Vaxcel's cross-motion, Defendants are still investigating the facts needed to respond to the motion, and it is clear that further fact discovery and disclosure of expert testimony regarding the prior art will be necessary to respond to the motion. Construction of certain disputed terms of the '163 patent is also needed before the Court can determine whether the prior art evidence in the record creates an issue of fact as to whether claim 7 of the '163 patent is invalid under § 102. In light of the above, and as set forth more fully herein, Defendants respectfully request that the Court grant their motion for a continuance and deny, or alternatively defer, briefing and consideration of Vaxcel's cross-motion.

I. **RULE 56(D), THE LOCAL PATENT RULES, AND THE COURT'S INHERENT POWER TO CONTROL ITS DOCKET PERMIT THE COURT TO DENY, OR DEFER BRIEFING OF, A MOTION FOR SUMMARY JUDGMENT TO ALLOW TIME FOR THE NON-MOVANT TO OBTAIN ADDITIONAL FACTS NEEDED TO RESPOND TO THE MOTION**

Rule 56(d) of the Federal Rules of Civil Procedure provides:

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Thus, when a party needs additional discovery in order to oppose a motion for summary judgment, Rule 56(d) permits continuance to allow additional time to obtain that information. *Deere & Co v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006).[1] Upon receiving a request for continuance under Rule 56(d), the Court may, in its discretion, postpone briefing and ruling pending further investigation and discovery and/or deny the motion for summary judgment without prejudice. *Central Contr., Inc. v. Kenny Constr. Co.*, No. 11-cv-9175, 2012 U.S. Dist. LEXIS 32401, at *7–9 (N.D. Ill. Mar. 12, 2012) ("The Seventh Circuit has instructed that courts should construe Rule 56(d) liberally.") (citing *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994)).

Local Patent Rule 6.1 provides that "All dispositive motions shall be filed within twenty-eight (28) days after the scheduled date for the end of expert discovery." The comment to LPR 6.1 states:

This Rule does not preclude a party from moving for summary judgment at an earlier stage of the case if circumstances warrant. It is up to the trial judge to determine whether to consider an "early" summary judgment motion. See also

---

[1] Rule 56 of the Federal Rules of Civil Procedure was amended in 2007—what is now Rule 56(d) was formerly Rule 56(f). *See* Committee Notes on Rules—2007 Amendment.

LPR 1.1 (judge may defer a motion raising claim construction issues until after claim construction hearing is held).

Thus, the Local Patent Rules contemplate that the Court will typically hear summary judgment motions after completion of claim construction and expert discovery pursuant to LPR 6.1.

Further, it is well-established that the Court has wide discretion to schedule briefing and hearing of substantive motions pursuant to the Court's inherent power to control its own docket. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (acknowledging that there is "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Abbott Labs. v. Matrix Labs., Inc.*, No. 09-cv-1586, 2009 U.S. Dist. LEXIS 103055, at *5 (N.D. Ill. Nov. 5, 2009) ("District courts have the inherent power to manage their dockets").

**II. VAXCEL'S MOTION IS PREMATURE AND SHOULD BE DENIED, OR ALTERNATIVELY DEFERRED UNTIL FACT INVESTIGATION AND DISCOVERY, CLAIM CONSTRUCTION AND EXPERT DISCOVERY ARE COMPLETE**

The Court's March 7, 2016 scheduling order (ECF No. 168) sets the following deadlines:

| Due Date | Task | L.P.R. |
|---|---|---|
| Mar. 18, 2016 | Defendants to file their anticipated Rule 56(d) motion in response to Plaintiff's cross-motion for summary judgment (Dkt. 135) | - |
| Mar. 18, 2016 | Defendants to provide responses and/or objections to Plaintiff's outstanding discovery requests | - |
| Mar. 18, 2016 | Meet and Confer and agree upon no more than Ten (10) Terms or Phrases to Submit for Construction | 4.1(b) |
| Mar. 25, 2016 | Plaintiff to response to Defendant's Rule 56(d) motion | - |
| Apr. 1, 2016 | Close of Initial Fact Discovery Period | 1.3 |
| Apr. 14, 2016 | Status Hearing Before J. Blakey | - |
| Apr. 15, 2016 | Defendant's Opening Claim Construction Brief | 4.2(a) |
| Apr. 15, 2016 | Joint Appendix | 4.2(b) |
| May 13, 2016 | Plaintiff's Responsive Claim Construction Brief | 4.2(c) |
| May 27, 2016 | Defendant's Reply Claim Construction Brief | 4.2(d) |
| Jun. 1, 2016 | Joint Claim Construction Chart and Status Report | 4.2(f) |
| Jun. 17, 2016 | Claim Construction Oral Argument or Hearing (proposed) | 4.3 |

The March 7, 2016 Order extended the pretrial schedule a short time pursuant to the parties' request in order to give the parties an opportunity to stop discovery and other pretrial work and attempt to settle this action. Unfortunately, the parties' efforts to try to settle have failed to date, and they are now resuming completion of discovery, briefing claim construction, etc., according to the March 7, 2016 Order.

Under the current schedule for this action, the close of initial fact discovery is April 1, 2016, and claim construction briefing runs from April 15, 2016 through June 1, 2016. After completion of claim construction briefing, the Court will hold a claim construction hearing and/or make a claim construction ruling. Thereafter, under the Local Patent Rules, the parties will conduct additional fact discovery for 30 days and/or expert discovery for 90 days. LPR 1.3, 5.1 and 5.2.

Thus, about two weeks remain in the initial fact discovery period, with claim construction proceedings, expert discovery, and potentially additional discovery after the Court's claim construction order, to follow. As detailed herein and in the accompanying declaration of Nicole Little pursuant to Rule 56(d), additional information is needed in order to properly respond to Vaxcel's cross-motion. This includes:

(1) Fact investigation: Based upon Vaxcel's narrowing of the case to now only assert claim 7 regarding LED bulbs, Defendants have been, and still are, investigating offers for sale, public uses, and descriptions of LED bulbs that are dated before the critical date of August 24, 2009. Defendants are also investigating examples of usage of LED bulbs with HeathCo's fixtures before the critical date. Vaxcel's motion is premised on the lack of such evidence. Defendants need additional time to investigate and obtain such evidence. Such evidence may come from light bulb suppliers and other sources.

(2) Fact discovery: Both Vaxcel and Defendants have served, or are in the process of serving, subpoenas for document production and depositions on two LED light bulb suppliers, Light Efficient Design (located in Cary, Illinois) and Lighting Science Group Corp. (located in Melbourne, Florida). (*See* Declaration of Nicole Little ("NLL Decl.") Exs. 1–3, submitted herewith.) Both companies are suppliers of dimmable LED bulbs that have previously published documents indicating offers for sale of such dimmable LED light bulbs before the critical date of August 24, 2009. The expected document production and depositions of these two third-party witnesses are intended to provide confirming evidence of offers for sale and publications regarding dimmable LED bulbs, and discovery regarding the existence and usage of dimmable LED bulbs in light fixtures that will anticipate claim 7 of the '163 Patent.

Further, the parties have outstanding document requests and notices of deposition, as evidenced by (a) the March 17, 2015 email from Vaxcel's counsel indicating a laundry list of requested documents and deposition witnesses (to which Defendants anticipate objecting and filing a motion for a protective order) (NLL Decl. Ex. 4) and (b) the outstanding deposition notices of Vaxcel and North Tech pursuant to Rule 30(b)(6) (NLL Decl. Exs. 5–6).

(3) Claim construction: The parties have exchanged proposed terms that the Court will need to construe, including the following: "lighting control system," "microcontroller," "semi-conductor switching device," "controls a time period," "zero-crossing-point detection circuit," "said time difference ranges from ($t_o$) to ($1/(2f)-t_o$)," "DC light emitting diode module," "lighting load [that] includes a D.C. light-emitting diode module bridging one port or full-wave bridge rectifier" and "bridging."

(4) Expert testimony: Defendants anticipate that expert witnesses will supply opinions regarding at least: (a) the level of ordinary skill in the art as of the critical date of

6

August 24, 2009; (b) what the prior art teaches to one having ordinary skill in the art, (c) the differences, if any, between the prior art and the claimed invention, including the disputed claim elements that are the subject of claim construction; (d) Vaxcel's contention that dimming functionality is part of the invention and not shown in the prior art; (e) the functionality of the HeathCo accused light fixtures, which are also prior art light fixtures; (f) the structure and function of numerous prior art references showing similar or identical circuitry to that claimed in the '163 patent (g) the structure and function of numerous prior art references showing dimmable and non-dimmable LED light bulbs, and (h) that the prior art LED light bulb references, when combined with HeathCo's prior art light fixtures, render claim 7 of the '163 patent anticipated, obvious and invalid.

Each of the above-described areas goes directly to contradict Vaxcel's assertion that the HeathCo prior art fixtures do not anticipate claim 7 of the '163 patent. (*See* NLL Decl. ¶¶ 4–7.) As such, each of the above-described areas need to be completed to enable Defendants to respond to Vaxcel's motion. Similarly, the Court will also need such information and evidence in order to rule on Vaxcel's motion.

Vaxcel's cross-motion cites only four "facts" in support of its assertion that claim 7 is not anticipated by HeathCo's sales of the accused light fixtures prior to the critical date. (ECF No. 137 ¶¶ 8–11.)² Each of these facts point solely to Defendants' Final Invalidity and Unenforceability Contentions. But under the Local Rules, Defendants' Final Invalidity and

---

² Vaxcel's citation to and reliance upon the deposition testimony of Scott Tylicki (Thymian Declaration Exhibit B) and Defendants' responses to Requests for Admission in the memorandum in support of its motion is improper. Vaxcel does not rely upon such deposition testimony or responses anywhere within its Statement of Material Facts, as required by Local Rule 56.1. As such, if and when the merits of Vaxcel's cross-motion are considered, the Court should not consider the "facts" or arguments that are allegedly shown or supported by Mr. Tylicki's deposition or Defendants' responses to the requests for admission.

Unenforceability Contentions are not the be-all and end-all of evidence of the invalidity of claim 7. Indeed, the Local Rules recognize that such final contentions may be amended where there is good cause and an absence of unfair prejudice. LPR 3.4. Moreover, fact discovery remains open and Defendants are entitled to the opportunity to complete fact discovery and their investigation of the invalidity of Vaxcel's claims.

Defendants have been diligently pursuing their invalidity theories throughout the case, up to and including their Final Invalidity Contentions. However, the increased importance of many of the facts now sought via this Rule 56(d) motion has only come to light of late due to Vaxcel's recent change of course in its own contentions. Specifically, after receiving Defendants' motion for summary judgment of invalidity, on November 30, 2015, Vaxcel unilaterally dropped all asserted claims except claim 7. (ECF No. 96.) Vaxcel's subsequent response to Defendants' summary judgment motion focused on claim 7 and contended that Vaxcel only accuses "the combination of certain of HeathCo light fixtures along with certain dimmable LED bulbs." (*See, e.g.*, ECF No. 114 ¶ 2.) While it is not true that Vaxcel has only accused the combination of the HeathCo light fixtures with certain dimmable LED bulbs (*see* ECF No. 130 ¶ 2), Defendants have not yet had the opportunity to fully explore and respond to this new contention. The discovery that Defendants seek via this Rule 56(d) motion will address that new contention (for instance, by obtaining evidence of the specific circuitry used in the dimmable and non-dimmable bulbs that are known to have been offered for sale and/or sold prior to the critical date, and then by offering expert testimony regarding the same, after the Court has construed the claims), and will ultimately show that claim 7 is invalid as anticipated by HeathCo's prior art fixtures (or at a minimum, that genuine issues of material fact exist such that Vaxcel's cross-motion must be denied).

Moreover, as Vaxcel admits, determining whether prior art anticipates a claim requires the Court to construe the claim as a matter of law, and then compare the construed claim against the prior art. (ECF No. 136 at 5.) As discussed above, Vaxcel's cross-motion requires construction of terms in both asserted claim 7 and independent claim 1, the claim from which claim 7 depends. Because the Court will have to construe at least nine different terms and phrases from these claims, the Court's claim construction will directly impact the outcome of Vaxcel's cross-motion. At the same time, expert testimony will then be required to determine whether the claims as construed by the Court are met by the prior art, since anticipation requires viewing the prior art and its teachings from the perspective of one of ordinary skill in the art. *See, e.g.*, *In re Hedges*, 783 F.2d 1038, 1041 (Fed. Cir. 1986).

There is little harm to Vaxcel in waiting for claim construction and expert discovery to conclude before ruling on its cross-motion. Claim construction proceedings are underway, with Defendants' opening brief due in less than a month. (ECF No. 168.) Expert discovery will occur shortly thereafter. Thus, at a minimum, the Court should delay consideration of the cross-motion until after claim construction proceedings have concluded and the parties have exchanged expert testimony on the application of the facts at hand to the Court's claim construction. *See, e.g.*, *Only the First, Ltd. v. Seiko Epson Corp.*, 822 F. Supp. 2d 767, 777 (N.D. Ill. 2011) (noting that the court previously granted a request for additional discovery under Rule 56(d) and deferred ruling on a pending summary judgment motion of invalidity); *Only the First, Ltd. v. Seiko Epson Corp.*, No. 07-cv-1333, Docket No. 214 (N.D. Ill. Jan. 7, 2011) (order granting discovery and delaying briefing); *see also, e.g.*, *Baron Servs., Inc. v. Media Weather Innovations, LLC*, 717 F.3d 907, 912–14 (Fed. Cir. 2013) (vacating a grant of summary judgment because the nonmovant was improperly denied the right to conduct further discovery under Rule 56(d)); *Prism Techs., LLC v.*

*Adobe Sys.*, No. 10-cv-220, 2011 U.S. Dist. LEXIS 136658, at *16–18 (D. Neb. Nov. 28, 2011) (postponing ruling on summary judgment motion with leave to re-file following issuance of the Court's claim construction order).

Further, denial, or at a minimum deferral of Vaxcel's motion, until fact discovery, claim construction and expert discovery are complete will avoid piecemeal litigation and best serve judicial economy. Vaxcel's motion relates to only one asserted ground of invalidity of the '163 patent, and ruling on the motion will not terminate the dispute or impact the other asserted grounds for invalidity, including the obviousness of claim 7 in light of prior art under 35 U.S.C. § 103, the lack of patentable subject matter under § 101, the lack of enablement and written description under § 112, and improper inventorship. The purpose of summary judgment is to avoid unnecessary trial. *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1560 (Fed. Cir. 1995). Vaxcel's cross-motion would not serve that purpose.

There is also no reason to decide the invalidity issues raised in Vaxcel's motion for partial summary judgment ahead of any other invalidity issues and defenses that may be raised in a later motion for summary judgment and involve the same facts and claim construction issues. Many of the above-listed defenses will involve some of the same evidence and claim construction issues as those related the invalidity issues raised in Vaxcel's cross-motion. Instead, an efficient use of the resources of the parties and the Court requires that briefing and ruling on Vaxcel's cross-motion be deferred and handled along with other dispositive motions after completion of fact discovery, claim construction and expert discovery. Vaxcel will suffer no prejudice from such a deferral of briefing and consideration of its motion.

### III. CONCLUSION

In light of the above, Defendants respectfully request a continuance to allow the Defendants to complete fact investigation, fact discovery, claim construction and expert discovery before Defendants are required to respond to Vaxcel's cross-motion.

Date: March 18, 2016

/s/ Nicole L. Little
Karl R. Fink (IL 6180508)
krfink@fitcheven.com
Nicole L. Little (IL 6297047)
nlittle@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

*Attorney for Defendants HeathCo, LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2016, I served the foregoing **RULE 56(D) MOTION FOR CONTINUANCE IN RESPONSE TO PLAINTIFF VAXCEL'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT** on all counsel of record by filing the document on the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Nicole L. Little
*Attorney for Defendants HeathCo, LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC*