**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VAXCEL INTERNATIONAL CO., LTD., <br><br>  Plaintiff, <br> and <br><br> NORTH TECH INTERNATIONAL CO., LTD., <br><br>  Counterclaimant in Intervention, <br><br> v. <br><br> HEATHCO LLC, <br> LOWE'S COMPANIES, INC., and <br> LOWE'S HOME CENTERS, LLC, <br><br>  Defendants. | Civil Action No. 1:15-cv-00696 <br><br> The Honorable John R. Blakey <br><br> Magistrate Judge Mary M. Rowland |

**DECLARATION OF NICOLE LITTLE IN SUPPORT OF DEFENDANTS'
MOTION FOR CONTINUANCE IN RESPONSE TO
PLAINTIFF VAXCEL'S CROSS-MOTION FOR SUMMARY JUDGMENT**

I, Nicole L. Little, declare as follows:

1.  I am an attorney at the law firm of Fitch, Even, Tabin & Flannery LLP, 120 South LaSalle Street, Suite 1600, Chicago, Illinois. We represent Defendants HeathCo LLC ("HeathCo"), Lowe's Companies, Inc. ("LCI") and Lowe's Home Centers, LLC ("LHC") (collectively "Defendants") in the above-captioned lawsuit.

2.  I am submitting this declaration in support of Defendants' Rule 56(d) Motion for Continuance in Response to Plaintiff Vaxcel's Cross-Motion for Summary Judgment.

3.  The following discovery is still pending and needs to be completed in order for Defendants to be able to respond to Vaxcel's cross-motion:

    a)  Regarding fact investigation, based upon Vaxcel's narrowing of the case to now only assert claim 7 regarding LED bulbs, Defendants have been, and still are, investigating offers

for sale, public uses, and descriptions of LED bulbs that are dated before the critical date of August 24, 2009. Defendants are also investigating examples of usage of LED bulbs with HeathCo's fixtures before the critical date. Vaxcel's motion is premised on the lack of such evidence. Defendants need additional time to investigate and obtain such evidence. Such evidence may come from light bulb suppliers and other sources.

b) Regarding fact discovery, both Vaxcel and Defendants have served, or are in the process of serving, subpoenas for document production and deposition on two LED light bulb suppliers, Light Efficient Design (located in Cary, Illinois) and Lighting Science Group Corp. (located in Melbourne, Florida) (Exs 1–3). Both companies are suppliers of dimmable LED bulbs that have previously published documents indicating offers for sale of such dimmable LED light bulbs before the critical date of August 24, 2009. The expected document production and depositions of these two third-party witnesses are intended to provide confirming evidence of offers for sale and publications regarding dimmable LED bulbs, and discovery regarding the existence and usage of dimmable LED bulbs in light fixtures that will anticipate claim 7 of the '163 Patent.

c) The parties have issued outstanding document requests and notices of deposition, as evidenced by (a) the March 17, 2015 email from Vaxcel's counsel indicating a laundry list of requested documents and deposition witnesses (to which Defendants anticipate objecting and filing a motion for a protective order) (Ex. 4) and (b) the outstanding deposition notices of Vaxcel and North Tech pursuant to Rule 30(b)(6) (Exs. 5–6).

d) Regarding claim construction, the parties have exchanged proposed terms that need to be construed by the Court, including the following: "lighting control system," "microcontroller," "semi-conductor switching device," "controls a time period," "zero-crossing-

point detection circuit," "said time difference ranges from ($t_o$) to ($1/(2f)-t_o$)," "DC light emitting diode module," "lighting load [that] includes a D.C. light-emitting diode module bridging one port or full-wave bridge rectifier" and "bridging."

e) Regarding expert testimony, Defendants anticipate that expert witnesses will supply opinions regarding at least: (a) the level of ordinary skill in the art as of the critical date of August 24, 2009; (b) what the prior art teaches to one having ordinary skill in the art, (c) the differences, if any, between the prior art and the claimed invention, including the disputed claim elements that are the subject of claim construction; (d) Vaxcel's contention that dimming functionality is part of the invention and not shown in the prior art; (e) the functionality of the HeathCo accused light fixtures, which are also prior art light fixtures; (f) the structure and function of numerous prior art references showing similar or identical circuitry to that claimed in the '163 patent (g) the structure and function of numerous prior art references showing dimmable and non-dimmable LED light bulbs, and (h) that the prior art LED light bulb references, when combined with HeathCo's prior art light fixtures, render claim 7 of the '163 patent anticipated, obvious and invalid.

4. The above-referenced factual investigation, fact discovery, claim construction proceedings and expert discovery need to be completed to enable Defendants to respond to Vaxcel's cross-motion for summary judgment.

5. Discovery regarding the circuitry of dimmable LED bulbs is needed in light of Vaxcel's recent assertions made in response to Defendants' Summary Judgment Motion of Invalidity (ECF Nos. 76–82). Those assertions appear to claim that the novelty of Vaxcel's invention lies in the circuitry of LED bulbs. However, LED bulbs, and their circuitry, such as that recited in asserted claim 7, were known prior to the critical date of the '163 patent. In order

3

to prove that this is the case, Defendants are in the process of obtaining further evidence from light bulb suppliers that were known to have offered for sale and/or sold such bulbs prior to the critical date. Defendants also anticipate that such evidence will show the existence and usage of dimmable LED bulbs in light fixtures. All of this evidence will directly contradict Vaxcel's claim that there is insufficient proof of anticipation of claim 7.

6. Claim construction will also be critical to determining whether any prior art, including the HeathCo prior art devices sold before the critical date, anticipates asserted claim 7 under a traditional anticipation analysis, which requires the Court to construe the claim as a matter of law, and then compare the construed claim against the prior art. (In contrast, claim construction is not required to decide Defendants' motion, which relies upon the doctrine set forth in controlling Federal Circuit case law that allows a theory of anticipation based upon the plaintiff's infringement contentions.) Defendants believe that at least nine terms will require construction by the Court, as set forth in Paragraph 3d, above, before the Court can decide whether Defendants have shown that prior art light fixtures and LED light bulbs anticipate claim 7. Construction of these claim terms and phrases by the Court will likely also be required for the other infringement and validity issues raised by the parties in this action, and will likely be the basis for further motions for summary judgment filed by the parties.

7. Similarly, expert analysis will be required to determine the anticipation question. Anticipation requires viewing the prior art and its teachings from the perspective of one of ordinary skill in the art. *See, e.g.*, *In re Hedges*, 783 F.2d 1038, 1041 (Fed. Cir. 1986). Thus, as set forth in Paragraph 3e above, it will be important to determine via expert testimony: the level of skill in the art as of the critical date; what the person of ordinary skill in the art would learn from the HeathCo prior art devices; whether one skilled in the art would inherently know that an

4

LED lighting load, regardless of dimmability, would work in the HeathCo prior art devices prior to the critical date; how the HeathCo prior art devices functioned, including, but not limited to, the lack of importance of a light bulb's ability to dim to the ability of the HeathCo light fixture to turn on and off; what the state of the art of light emitting diodes was as of the critical date, including modules and bulbs, and the dimmability of the same; and that prior art LED light bulb references, when combined with HeathCo's prior art devices, render claim 7 of the '163 patent anticipated, obvious and invalid.

I declare under penalty of perjury that the foregoing is true and correct.

DATE: <u>March 18, 2016</u>

_____
Nicole L. Little