# EXHIBIT 3

## To Declaration of Nicole Little in Support of Defendants' Motion for Continuance

| | |
|---|---|
| **From:** | Richter, Cole <richter@mbhb.com> |
| **Sent:** | Wednesday, March 16, 2016 11:51 PM |
| **To:** | Karl Fink; Nikki L. Little |
| **Cc:** | Drutchas, Grantland; Thymian, Marcus; Keenan, Nicole; Thomson, Kirsten; Armstrong, Jeffrey; Walsh, Mike |
| **Subject:** | Vaxcel v. HeathCo et al. (Case No. 15-cv-696) |
| **Attachments:** | Vaxcel Production Subpoena to Lighting Science Group Corp.pdf; Vaxcel Deposition Subpoena to Lighting Science Group Corp.pdf; Vaxcel Production Subpoena to Light Efficient Design.pdf; Vaxcel Deposition Subpoena to Light Efficient Design.pdf |

Counsel,

Pursuant to the notice provision of Federal Rule 45(a)(4), attached herewith are copies of deposition and document subpoenas directed to Lighting Science Group and Light Efficient Design. We plan to serve these subpoenas tomorrow. Per our past correspondence on this matter, we ask that the parties endeavor to schedule the depositions on mutually convenient dates and times.

Regards,
Cole



**Cole B. Richter** [ ] Attorney [ ] 300 South Wacker Drive [ ] Chicago, Illinois 60606-6709
+1 312 913 3351 direct [ ] +1 312 913 0001 main
richter@mbhb.com [ ] www.mbhb.com

---

This message and any attachments may contain confidential information protected by the attorney-client or other privilege. If you believe that it has been sent to you in error, please reply to the sender that you received the message in error, and then delete the message from your system.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | |
|---|---|
| VAXCEL INTERNATIONAL CO., LTD., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  15-cv-696 |
| HEATHCO LLC, LOWE'S COMPANIES, INC., and LOWE'S HOME CENTERS, LLC, | ) |
| _Defendant_ | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     TADD, LLC d/b/a Light Efficient Design c/o DAVID P BUCKLEY JR, Registered Agent
102 S WYNSTONE PARK DR STE 100, NORTH BARRINGTON, IL 60010

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Dr., Suite 3100, Chicago, IL 60606 | Date and Time: 03/29/2016 9:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/17/2016

| _CLERK OF COURT_ | |
|---|---|
| | OR |
| _Signature of Clerk or Deputy Clerk_ | /s/ Cole B. Richter |
| | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
VAXCEL INTERNATIONAL CO., LTD., _____ , who issues or requests this subpoena, are:

Cole B. Richter, McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Dr., Suite 3200, Chicago, IL 60606

richter@mbhb.com, (312) 913 0001     **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  15-cv-696

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1.      The terms "Relate to," "Related to," or "Relating to" mean in whole or in part, directly or indirectly, relating to, referring to, describing, evidencing, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting. Use of any of these terms includes any and all information, whether past, present, or relating to the future.

2.      As used herein, the terms "Communicated" or "Communication(s)" mean any form of transmitting information between or among two or more Persons, by written, oral, electronic or any other means, without limitation.

3.      The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests information that might otherwise be construed to be outside their scope.

4.      "All" and "Each" shall be construed as both All and Each.

5.      The term "Person" or "Persons" include natural Persons, firms, partnerships, associations, corporations and business entities operating under an assumed name.

6.       "Date" means the exact Date, month, and year, if ascertainable, or, if not, the best available approximation.

7.      The terms "Document" and/or "Thing" are synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a) and shall be construed to mean, without limitation any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced Communication, compilation or reproduction including computer or electronically generated or stored information or data, whether asserted to be privileged or not. "Document" specifically includes all forms of electronic data (ESI).  A draft or non-identical copy is a

separate Document within the meaning of this term. As used herein, "Thing" also means any tangible item(s), other than a "Document" as defined herein, which constitutes or contains matters within the scope of Federal Rule of Civil Procedure 26(b).

8.      "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other Products for separating or organizing Documents by any Person or entity.

9.      The terms "Suit," "Lawsuit," "Action" or "Case" refer to the ongoing litigation between Vaxcel International Co., Ltd., North Tech International Co., Ltd., HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC in the United States District Court for the Northern District of Illinois, and styled as *Vaxcel International Co. Ltd. v. HeathCo LLC et al.*, Case No. 15-cv-696.

10.      "Defendant" or "Defendants" mean any or all of HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC, and any predecessor or successor corporations, including but not limited to Transom Capital Group, companies, or other business entities, its representatives, agents, insurers, attorneys, employees, directors, officers, subsidiaries, affiliates thereof respectively, and all others over whom any or all of HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC have control.

## INSTRUCTIONS

1.      Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

2.      If you at any time had possession or control of a document requested herein and if such document has been lost, destroyed, purged, or is not presently in your possession or control, identify the document, the date of its loss, destruction, purge, or separation from your possession or control, and the circumstances surrounding its loss, destruction, purge, or separation from your possession or control.

3.      In the event privilege or any other immunity from discovery is claimed as a basis for objecting or not responding to any of these Requests, in whole or in part, identify the document and/or communication and describe the factual basis for the claim of privilege or other immunity in sufficient detail so as to enable the Court to determine the validity of the claim.

## REQUESTS FOR PRODUCTION

1.      Documents evidencing public use, offers for sale of and/or invoices evidencing sales of dimmable LED light bulbs prior to August 24, 2009 by Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs) and/or affiliates.

2.      Documents evidencing circuitry of dimmable LED light bulbs sold, offered for sale, or publically used prior to August 24, 2009 by Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs) and/or affiliates.

3.      All documents, including but not limited to emails and other Communications, that refer or relate to this Lawsuit.

4.      All documents, including but not limited to emails and other Communications, exchanged between (i) Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs), and/or affiliates, and (ii) any Defendant in the Lawsuit or representative (including an attorney) of any Defendant in the Lawsuit.

5.      All documents, including but not limited to emails and other Communications, exchanged between TADD, LLC and any Defendant  in the Lawsuit or representative (including an attorney) of any Defendant in the Lawsuit.

6.      Documents evidencing marketing efforts and marketing collateral, including but not limited to, advertisements and product packaging for dimmable LED light bulbs prior to August 24, 2009 by Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs), and/or affiliates.

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| VAXCEL INTERNATIONAL CO., LTD., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.　15-cv-696 |
| HEATHCO LLC, LOWE'S COMPANIES, INC., and | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:　　　　　TADD, LLC d/b/a Light Efficient Design c/o DAVID P BUCKLEY JR, Registered Agent
102 S WYNSTONE PARK DR STE 100, NORTH BARRINGTON, IL 60010

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*　**YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place: McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Dr., Suite 3100, Chicago, IL 60606 | Date and Time: 03/31/2016 9:00 am |
|---|---|

　　　　　The deposition will be recorded by this method:　stenographic, sound-and-visual means, or both

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

　　　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　　03/17/2016

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| Signature of Clerk or Deputy Clerk | | /s/ Cole B. Richter |
| | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*　_____
VAXCEL INTERNATIONAL CO., LTD.,　　　　　　　　　　　　　　　, who issues or requests this subpoena, are:
Cole B. Richter, McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Dr., Suite 3200, Chicago, IL 60606
richter@mbhb.com, (312) 913-0001

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   15-cv-696

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

**DEFINITIONS**

1.      The terms "Relate to," "Related to," or "Relating to" mean in whole or in part, directly or indirectly, relating to, referring to, describing, evidencing, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting. Use of any of these terms includes any and all information, whether past, present, or relating to the future.

2.      As used herein, the terms "Communicated" or "Communication(s)" mean any form of transmitting information between or among two or more Persons, by written, oral, electronic or any other means, without limitation.

3.      The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests information that might otherwise be construed to be outside their scope.

4.      "All" and "Each" shall be construed as both All and Each.

5.      The term "Person" or "Persons" include natural Persons, firms, partnerships, associations, corporations and business entities operating under an assumed name.

6.       "Date" means the exact Date, month, and year, if ascertainable, or, if not, the best available approximation.

7.      The terms "Document" and/or "Thing" are synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a) and shall be construed to mean, without limitation any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced Communication, compilation or reproduction including computer or electronically generated or stored information or data, whether asserted to be privileged or not. "Document" specifically includes all forms of electronic data (ESI).  A draft or non-identical copy is a

separate Document within the meaning of this term. As used herein, "Thing" also means any tangible item(s), other than a "Document" as defined herein, which constitutes or contains matters within the scope of Federal Rule of Civil Procedure 26(b).

8. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other Products for separating or organizing Documents by any Person or entity.

9. The terms "Suit," "Lawsuit," "Action" or "Case" refer to the ongoing litigation between Vaxcel International Co., Ltd., North Tech International Co., Ltd., HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC in the United States District Court for the Northern District of Illinois, and styled as *Vaxcel International Co. Ltd. v. HeathCo LLC et al.*, Case No. 15-cv-696.

10. "Defendant" or "Defendants" mean any or all of HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC, and any predecessor or successor corporations, including but not limited to Transom Capital Group, companies, or other business entities, its representatives, agents, insurers, attorneys, employees, directors, officers, subsidiaries, affiliates thereof respectively, and all others over whom any or all of HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC have control.

**INSTRUCTIONS**

1. Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

2. If you at any time had possession or control of a document requested herein and if such document has been lost, destroyed, purged, or is not presently in your possession or control, identify the document, the date of its loss, destruction, purge, or separation from your possession or control, and the circumstances surrounding its loss, destruction, purge, or separation from your possession or control.

3. In the event privilege or any other immunity from discovery is claimed as a basis for objecting or not responding to any of these Requests, in whole or in part, identify the document and/or communication and describe the factual basis for the claim of privilege or other immunity in sufficient detail so as to enable the Court to determine the validity of the claim.

## DEPOSITION TOPICS

1.       Sales, offers for sale, and public use of dimmable LED light bulbs prior to August 24, 2009 by Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs), and/or affiliates.

2.       The circuitry of dimmable LED light bulbs sold, offered for sale, or publically used prior to August 24, 2009 by Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs), and/or affiliates.

3.       The subject matter of any and all documents, including but not limited to emails and other Communications, that refer or relate to this Lawsuit.

4.       The subject matter of any and all documents, including but not limited to emails and other Communications, exchanged between (i) Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs), and/or affiliates, and (ii) any Defendant in the Lawsuit or representative (including an attorney) of any Defendant in the Lawsuit.

5.       The subject matter of any and all documents, including but not limited to emails and other Communications, exchanged between TADD, LLC and any Defendant  in the Lawsuit or representative (including an attorney) of any Defendant in the Lawsuit.

6.       Marketing efforts and marketing collateral, including but not limited to, advertisements and product packaging for dimmable LED light bulbs prior to August 24, 2009 by Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs), and/or affiliates.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| VAXCEL INTERNATIONAL CO., LTD., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   15-cv-696 |
| HEATHCO LLC, LOWE'S COMPANIES, INC., and LOWE'S HOME CENTERS, LLC, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Lighting Science Group Corp., c/o Lori-Anne Kaplan, Registered Agent
1830 Penn Street, Melbourne, FL 32901

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: U.S. Legal Support, Inc.<br>100 Rialto Place, Suite 739, Melbourne, FL 32901 | Date and Time:<br>03/30/2016 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/17/2016

| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Cole B. Richter<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
VAXCEL INTERNATIONAL CO., LTD., _____, who issues or requests this subpoena, are:

Cole B. Richter, McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Dr., Suite 3200, Chicago, IL 60606

richter@mbhb.com, (312) 913 0001    **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   15-cv-696

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1.      The terms "Relate to," "Related to," or "Relating to" mean in whole or in part, directly or indirectly, relating to, referring to, describing, evidencing, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting. Use of any of these terms includes any and all information, whether past, present, or relating to the future.

2.      As used herein, the terms "Communicated" or "Communication(s)" mean any form of transmitting information between or among two or more Persons, by written, oral, electronic or any other means, without limitation.

3.      The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests information that might otherwise be construed to be outside their scope.

4.      "All" and "Each" shall be construed as both All and Each.

5.      The term "Person" or "Persons" include natural Persons, firms, partnerships, associations, corporations and business entities operating under an assumed name.

6.      "Date" means the exact Date, month, and year, if ascertainable, or, if not, the best available approximation.

7.      The terms "Document" and/or "Thing" are synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a) and shall be construed to mean, without limitation any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced Communication, compilation or reproduction including computer or electronically generated or stored information or data, whether asserted to be privileged or not. "Document" specifically includes all forms of electronic data (ESI).  A draft or non-identical copy is a

separate Document within the meaning of this term. As used herein, "Thing" also means any tangible item(s), other than a "Document" as defined herein, which constitutes or contains matters within the scope of Federal Rule of Civil Procedure 26(b).

8.    "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other Products for separating or organizing Documents by any Person or entity.

9.    The terms "Suit," "Lawsuit," "Action" or "Case" refer to the ongoing litigation between Vaxcel International Co., Ltd., North Tech International Co., Ltd., HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC in the United States District Court for the Northern District of Illinois, and styled as *Vaxcel International Co. Ltd. v. HeathCo LLC et al.*, Case No. 15-cv-696.

10.    "Defendant" or "Defendants" mean any or all of HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC, and any predecessor or successor corporations, including but not limited to Transom Capital Group, companies, or other business entities, its representatives, agents, insurers, attorneys, employees, directors, officers, subsidiaries, affiliates thereof respectively, and all others over whom any or all of HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC have control.

## INSTRUCTIONS

1.     Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

2.     If you at any time had possession or control of a document requested herein and if such document has been lost, destroyed, purged, or is not presently in your possession or control, identify the document, the date of its loss, destruction, purge, or separation from your possession or control, and the circumstances surrounding its loss, destruction, purge, or separation from your possession or control.

3.     In the event privilege or any other immunity from discovery is claimed as a basis for objecting or not responding to any of these Requests, in whole or in part, identify the document and/or communication and describe the factual basis for the claim of privilege or other immunity in sufficient detail so as to enable the Court to determine the validity of the claim.

## REQUESTS FOR PRODUCTION

1.       Documents and things sufficient to show the date of first sale, offer for sale, and/or public use of the "A19 replacement" light emitting diode (LED) bulb referenced in Exhibit 1.

2.       Documents and things sufficient to show the circuitry of the "A19 replacement light emitting diode (LED) bulb referenced in Exhibit 1.

3.       Documents and things sufficient to show the date of first sale, offer for sale, and/or public use of the "series of LED replacement A-lamps" that Lighting Science expected to "deliver to the market in the third quarter of 2009" as referenced in Exhibit 1.

4.       Documents and things sufficient to show the circuitry of the "series of LED replacement A-lamps" that Lighting Science expected to "deliver to the market in the third quarter of 2009" as referenced in Exhibit 1.

5.       Documents and things sufficient to show the date of first sale, offer for sale, and/or public use of the "Optimized Digital Lighting" LED products that Lighting Science Group expected to "supply and retrofit" for Consolidated Restaurant Operations, Inc., as referenced in Exhibit 2.

6.       Documents and things sufficient to show the circuitry of the "Optimized Digital Lighting" LED products that Lighting Science Group expected to "supply and retrofit" for Consolidated Restaurant Operations, Inc., as referenced in Exhibit 2.

7.       Documents and things sufficient to show the date of first sale, offer for sale, and/or public use of the "Light Emitting Diode (LED) low wattage replacement lamp for the standard incandescent lamp" referenced in Exhibit 3.

8. Documents and things sufficient to show the circuitry of the "Light Emitting Diode (LED) low wattage replacement lamp for the standard incandescent lamp" referenced in Exhibit 3.

9. Documents and things sufficient to show the date of first sale, offer for sale, and/or public use of any conventional lamp style dimmable light emitting diode bulb, including but not limited to any light emitting diode bulb that fit into standard sockets using an Edison-type screw base, such as A10, medium or candle bases, wherein such first sale, offer for sale, and/or public use occurred prior to August 24, 2009.

10. Documents and things sufficient to show the circuitry of any conventional lamp style dimmable light emitting diode bulb, including but not limited to any light emitting diode bulb that fit into standard sockets using an Edison-type screw base, such as A10, medium or candle bases, that was sold, offered for sale, or first publicly used prior to August 24, 2009.

11. All documents, including but not limited to emails and other Communications, that refer or relate to this Lawsuit.

12. All documents, including but not limited to emails and other Communications, exchanged between Lighting Science Group Corp. and any Defendant in the Lawsuit or representative (including an attorney) of any Defendant in the Lawsuit.

# EXHIBIT 1

Case: 1:15-cv-00696 Document #: 169-4 Filed: 03/18/16 Page 29 of 45 PageID #:3186

Page 1
Lighting Science Group Sets a New Standard in LED Lighting Technology PR Newswire May 5, 2009
Tuesday 9:06 AM GMT

PR Newswire

May 5, 2009 Tuesday 9:06 AM GMT

# Lighting Science Group Sets a New Standard in LED Lighting Technology

**LENGTH:** 865 words

**DATELINE:** NEW YORK, May 5

First practical, high quality, LED replacement for standard incandescent lamps introduced.

NEW YORK, May 5 /PRNewswire-FirstCall/ -- Lightfair (Booth #247) -- One hundred and thirty years after Thomas Edison invented the standard incandescent light bulb, the next revolution in lighting is being led by NJ-based Lighting Science Group Corporation (OTC Bulletin Board: LSCG) (LSG). The new light-emitting diode (LED) lamp is designed to replace the standard incandescent and compact fluorescent lamps (CFLs) in homes and commercial environments. Engineered to optimize light output, color, quality, life and overall performance, the LED replacement lamp is available in the most popular standard incandescent lamp or bulb shape -- A19.

Redefining standard lighting technology, LSG's replacement lamp provides light output sufficient for everyday tasks. Using only 7.5 watts, the new LED replacement lamp drastically reduces energy consumption and greenhouse gas emissions. This morning at 10:30 a.m. ET at the Lightfair International, Conference and Expo in New York City, Lighting Science's Chairman and Chief Executive Officer, Govi Rao will unveil the new dimmable, energy-smart and long life LED lamp that fits into existing standard sockets.

"We have all been waiting for a viable, energy efficient, replacement for the standard incandescent lamp for many years," said Govi Rao. "Our A19 LED lamp produces exceptionally warm, white light and uses 84 percent less energy than the standard incandescent lamp."

The innovative A19 replacement from Lighting Science is six times more efficient than the standard incandescent lamp and about 20 percent more efficient than comparable CFL alternatives. Additionally, LEDs last 20 times longer than incandescent lamps and up to six times longer than CFLs. LED lighting is also an environmentally responsible choice for homes and commercial buildings as it contains no hazardous materials such as mercury found in compact fluorescents. Unlike conventional fluorescent lamp technology, LEDs do not emit harmful UV rays and can be turned on and off as needed, requiring no extra time to reach full brightness.

"The extraordinary pace of innovation at play in today's world is transforming our ability to support sustainable initiatives without sacrificing light quality, added Govi Rao. "Our LED replacement lamp is at the forefront of a revolution in lighting -- respecting consumer and commercial demand for cost effective and high-quality lighting options that significantly reduce energy and maintenance costs while promoting a healthier environment."

The innovative A19 LED replacement lamp is the first in a series of LED replacement A-lamps that Lighting Science expects to deliver to the market in the third quarter of 2009.

About Lighting Science

Lighting Science Group Corporation (www.lsgc.com) innovates, designs, manufactures and markets LED lighting solutions for consumer and professional applications that are environmentally friendlier and less costly to operate than traditional lighting products. LSG's LED lighting devices are engineered to enhance lighting performance, reduce energy consumption, lower maintenance costs and eliminate the use of hazardous materials. LSG is at the forefront of research and development of LED luminaires and customized LED lighting solutions for architectural and artistic projects. LSG has offices in: Westampton, New Jersey; Sacra-

HEATH013818

Lighting Science Group Sets a New Standard in LED Lighting Technology PR Newswire May 5, 2009
Tuesday 9:06 AM GMT

mento, California; Satellite Beach, Florida; Dallas, Texas; Tokyo, Japan; Goes, The Netherlands; Bucking-hamshire, England; and Sydney, Australia. More information about Lighting Science Group is available at www.lsgc.com.

Forward Looking Statements

Certain statements in this press release may constitute "forward-looking statements" made under the "safe harbor" provisions of the Private Securities Litigation Reform Act of 1995. The statements include, but are not limited to statements regarding our expectations concerning management cohesion and our ability to ex-pand and develop our business and statements using terminology such as "will," "would," "could," "expect," "intend," "plan," "anticipate," "believe," "potential," "opportunity," "greater," or "encouraging." Such statements reflect the current view of Lighting Science Group Corporation with respect to future events and are subject to certain risks, uncertainties and assumptions. Known and unknown risks, uncertainties and other factors could cause actual results to differ materially from those contemplated by the statements. In evaluating these statements, you should specifically consider various factors that may cause our actual results to differ materi-ally from any forward-looking statements. Readers should carefully review the risk factors detailed under "Risk Factors" in our Form 10-K's, Form 10-Q's and other Securities and Exchange Commission filings. These filings can be obtained by contacting LSG's Investor Contact.

SOURCE Lighting Science Group Corporation

CONTACT:Media, Vera Newhouse of Edelman for Lighting Science Group Corporation, +1-212-819-4878, vera.newhouse@edelman.com; or Investors, Steve Hamilton of Lighting Science Group Corporation, +1-214-382-3650, steve.hamilton@lsgc.com

**URL:** http://www.prnewswire.com

**LOAD-DATE:** May 19, 2009

**LANGUAGE:** ENGLISH

**PUBLICATION-TYPE:** Newswire

Copyright 2009 PR Newswire Association LLC
All Rights Reserved

HEATH013819

# EXHIBIT 2

Business Wire

January 11, 2007 Thursday 1:00 PM GMT

## Lighting Science Group Partners with Consolidated Restaurant Operations, Inc. to Provide Energy-Efficient LED Lighting Solutions; Companies to Jointly Develop LED Lighting Fixtures for More Than 130 Restaurant Locations

**LENGTH:** 843 words

**DATELINE:** DALLAS

Lighting Science Group Corporation, (OTCBB: LSGP) (LSG), a leading provider of energy-efficient and environmentally responsible lighting solutions, announced today that it has teamed with Consolidated Restaurant Operations Inc. (CRO), an operator of more than 130 full-service and franchise, casual-dining restaurants in 18 states to supply and retrofit select CRO restaurants with its energy-efficient Optimized Digital Lighting(TM) (ODLÂ®) LED products.

The partnership calls for CRO to retrofit selected restaurant locations with applicable LSG products and specifies that LSG LED light bulbs will be installed in all appropriate future facilities. For applications that LSG's product line cannot currently address, the companies have agreed to co-develop additional LED products to meet those requirements.

CRO estimates that this partnership could potentially result in annual energy savings of 80% for lighting.

Chairman and chief executive officer of Lighting Science, Ron Lusk, stated, "As one of the fastest growing and most progressive restaurant groups in the United States, CRO is keenly aware of the costs involved in developing and maintaining their operations. We are delighted that CRO recognizes the cost savings that can be attained by installing LSG's patented ODL lighting solutions as well as their commitment to helping us develop new products."

This partnership will enable CRO to significantly reduce its electricity consumption, resulting in radical energy savings. Since LSG's products last 300-500 percent longer than traditional lighting technologies, CRO also stands to save a considerable amount in maintenance costs.

John Harkey, chief executive officer of Consolidated Restaurant Operations Inc., added, "Soaring energy prices have caused us to actively seek solutions to lower our operating costs. The cost of operating 130+ locations in addition to serving more than 25 million meals annually is immense. We are thrilled to partner with Lighting Science Group and now have access to a portfolio of products that will help us in our energy savings efforts and ultimately yield a high ROI."

LSG is the first company to market with a high-output, dimmable, Edison-base LED bulb. The Company currently has 25 patents and patents pending in the LED lighting space and a product portfolio comprised of 30 different SKUs.

**About Lighting Science Group Corporation**

Lighting Science Group Corporation (www.lsgc.com) designs and sells highly energy efficient and environmentally friendly lighting solutions based on its proprietary Optimized Digital Lighting(TM) (ODLÂ®) technology. The Company's patented and patent-pending designs and manufacturing processes enable affordable, efficient and long lasting LED based lighting systems to be quickly deployed in existing lighting applications and produce immediate cost savings and environmental benefits. Products include lowbay fixtures for parking garages and industrial facilities, MR-16, R30, R25, R20, R16 (elevator light), G11, G25, S6, candelabra and flame tip bulbs which can be purchased at http://store.lsgc.com.

HEATH013820

Lighting Science Group Partners with Consolidated Restaurant Operations, Inc. to Provide Energy-Efficient LED Lighting Solutions; Companies to Jointly Develop LED Lighting Fixtures for More Than 130 Restaurant Locations Business Wire January 11, 2007 Thursday 1:00 PM GMT

**Consolidated Restaurant Operations Inc. (CRO)**

Consolidated Restaurant Operations, Inc. (www.croinc.com) operates more than 106 full-service and 24 franchise casual-dining restaurants located in 18 states. CRO employs approximately 7,000 full and part-time employees. CRO has been named the 30th largest private company in the Dallas-Fort Worth area (home to more than 16 "Fortune 500" companies and 4.8 million residents). CRO brands include El Chico, Good Eats, Cantina Laredo, The Spaghetti Warehouse, Luckys CafÃ©, Silver Fox Steakhouse, III Forks Steakhouse, and Cool River Cafe.

Certain statements in the press release constitute "forward-looking statements" relating to Lighting Science Group Corporation within the meaning of the Private Securities Litigation Reform Act of 1995. All statements regarding future events, our financial performance and operating results, our business strategy and our financing plans are forward-looking statements. In some cases you can identify forward-looking statements by terminology such as "may," "will," "would," "should," "could," "expect," "intend," "plan," "anticipate," "believe," "estimate," "predict, " "potential" or "continue, " the negative of such terms or other comparable terminology. These statements are only predictions. Known and unknown risks, uncertainties and other factors could cause actual results to differ materially from those contemplated by the statements. In evaluating these statements, you should specifically consider various factors that may cause our actual results to differ materially from any forward-looking statements. "Lighting Science," "Optimized Digital Lighting" and "ODL" and the LSG concentric ovals are trademarks of Lighting Science Group Corporation.

CONTACT: Lighting Science Group Corporation
Ron Lusk, Chairman & CEO, 214-382-3630
or
KCSA Worldwide
Investor Relations:
Jeffrey Goldberger, 212.896.1249
jgoldberger@kcsa.com
or
Public Relations:
Lewis Goldberg, 212.896.1216
lgoldberg@kcsa.com

**URL:** http://www.businesswire.com

**LOAD-DATE:** January 12, 2007

**LANGUAGE:** ENGLISH

**DISTRIBUTION:** Business Editors; High-Tech Writers

**PUBLICATION-TYPE:** Newswire

Copyright 2007 Business Wire, Inc.

HEATH013821

EXHIBIT 3

INTERNET ARCHIVE
WayBackMachine

http://www.truthinlighting.com/    Go

MAY JUN
10
2008 2009

8 captures
10 May 09 - 18 Dec 14



HEATH013837

## ● Engineered for environmental responsibility*

- Uses 84% less energy than a standard incandescent lamp
  *Significant energy cost savings in homes, hospitality and retail settings*

- 50,000 hour lifespan is 25 times greater than a standard incandescent lamp
  *Imagine not having to change or buy a lamp for 10 years*

- Unlike compact fluorescent lamps (CFLs), contains no mercury
  *Safer to operate and recyclable at end of life*

Changing *just one* 50W incandescent lamp to an LED Replacement Lamp in each U.S. household would save 8.7 billion kilowatt hours of electricity, which is equivalent to:

HEATH013838

- Eliminating $CO_2$ emissions from the electricity use of 866,578 homes for one year
- Greenhouse gas emissions avoided by recycling 2,154,491 tons of waste instead of sending it to landfills

Join the revolution this fall! Substantially reduce your energy costs and greenhouse gas emissions by adopting LSG LED lighting solutions that protect our environment and conserve our world's resources.

*Product specifications are preliminary and subject to change.

## • Helpful energy cost savings tips

Your lighting energy costs may represent as much as 25% of your utility bill. Fortunately, there are numerous ways to reduce this cost.

### • Tip 1
Buy energy-efficient, Light Emitting Diode (LED) lamps. LED lamps produce as much light as incandescent, cost up to 84% less to operate and last up to 25 times longer. With extended life and superior energy efficiency, LED lamps curtail lighting's impact on the environment by reducing carbon dioxide emissions from the generation of electricity and the mercury pollution created by disposing CFLs.

### • Tip 2
Consumers no longer have to bring mercury into their homes through the use of CFLs. One of the most earth-friendly and sensible alternatives is LED lighting which is not only mercury-free, but also more energy-efficient than fluorescent and standard incandescent lighting.

### • Tip 3
Halogen lamps generate excessive heat creating fire hazards and increasing air conditioning energy costs. LED lamps are cool to touch making them safer to operate.

### • Tip 4
Install occupancy sensors or turn off lights when not needed. Occupancy sensors save up to 30% on lighting costs by automatically turning lights off when a room is not occupied; ideal for meeting rooms, storage areas, rest rooms, offices and homes.

### • Tip 5
Install timers, time locks or photocells to ensure interior and exterior lights are turned off at the appropriate time.

### • Tip 6
Take advantage of daylight by using light-colored, loose weave curtains on windows to allow daylight into a room while preserving privacy. Also, decorate with lighter colors that reflect light.

For more information, contact Lighting Science Group at 877.999.5742 or go to www.lsgc.com.

Copyright © 2009 Lighting Science Group Corp. All rights reserved.

HEATH013839

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | |
|---|---|
| VAXCEL INTERNATIONAL CO., LTD., | ) |
| *Plaintiff* | ) |
| v. | ) |
| HEATHCO LLC, LOWE'S COMPANIES, INC., and | ) |
| LOWE'S HOME CENTERS, LLC, | ) |
| *Defendant* | ) |

Civil Action No.    15-cv-696

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          TADD, LLC d/b/a Light Efficient Design c/o DAVID P BUCKLEY JR, Registered Agent
             102 S WYNSTONE PARK DR STE 100, NORTH BARRINGTON, IL 60010

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| | |
|---|---|
| Place:  McDonnell Boehnen Hulbert & Berghoff LLP,<br>           300 S. Wacker Dr., Suite 3100, Chicago, IL 60606 | Date and Time:<br><br>           03/31/2016 9:00 am |

The deposition will be recorded by this method:    stenographic, sound-and-visual means, or both

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          03/17/2016

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Cole B. Richter |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
VAXCEL INTERNATIONAL CO., LTD.,                                                         , who issues or requests this subpoena, are:
Cole B. Richter, McDonnell Boehnen Hulbert & Berghoff LLP, 300 S. Wacker Dr., Suite 3200, Chicago, IL 60606
richter@mbhb.com, (312) 913-0001

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  15-cv-696

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
  **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1.      The terms "Relate to," "Related to," or "Relating to" mean in whole or in part, directly or indirectly, relating to, referring to, describing, evidencing, concerning, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting. Use of any of these terms includes any and all information, whether past, present, or relating to the future.

2.      As used herein, the terms "Communicated" or "Communication(s)" mean any form of transmitting information between or among two or more Persons, by written, oral, electronic or any other means, without limitation.

3.      The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests information that might otherwise be construed to be outside their scope.

4.      "All" and "Each" shall be construed as both All and Each.

5.      The term "Person" or "Persons" include natural Persons, firms, partnerships, associations, corporations and business entities operating under an assumed name.

6.       "Date" means the exact Date, month, and year, if ascertainable, or, if not, the best available approximation.

7.      The terms "Document" and/or "Thing" are synonymous in meaning and equal in scope to the usage of this term in FED. R. CIV. P. 34(a) and shall be construed to mean, without limitation any written, printed, typed, stored, photostated, photographed, recorded or otherwise reproduced Communication, compilation or reproduction including computer or electronically generated or stored information or data, whether asserted to be privileged or not. "Document" specifically includes all forms of electronic data (ESI).  A draft or non-identical copy is a

separate Document within the meaning of this term. As used herein, "Thing" also means any tangible item(s), other than a "Document" as defined herein, which constitutes or contains matters within the scope of Federal Rule of Civil Procedure 26(b).

8. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other Products for separating or organizing Documents by any Person or entity.

9. The terms "Suit," "Lawsuit," "Action" or "Case" refer to the ongoing litigation between Vaxcel International Co., Ltd., North Tech International Co., Ltd., HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC in the United States District Court for the Northern District of Illinois, and styled as *Vaxcel International Co. Ltd. v. HeathCo LLC et al.*, Case No. 15-cv-696.

10. "Defendant" or "Defendants" mean any or all of HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC, and any predecessor or successor corporations, including but not limited to Transom Capital Group, companies, or other business entities, its representatives, agents, insurers, attorneys, employees, directors, officers, subsidiaries, affiliates thereof respectively, and all others over whom any or all of HeathCo LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC have control.

**INSTRUCTIONS**

1.      Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past include the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

2.      If you at any time had possession or control of a document requested herein and if such document has been lost, destroyed, purged, or is not presently in your possession or control, identify the document, the date of its loss, destruction, purge, or separation from your possession or control, and the circumstances surrounding its loss, destruction, purge, or separation from your possession or control.

3.      In the event privilege or any other immunity from discovery is claimed as a basis for objecting or not responding to any of these Requests, in whole or in part, identify the document and/or communication and describe the factual basis for the claim of privilege or other immunity in sufficient detail so as to enable the Court to determine the validity of the claim.

## DEPOSITION TOPICS

1.      Sales, offers for sale, and public use of dimmable LED light bulbs prior to August 24, 2009 by Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs), and/or affiliates.

2.      The circuitry of dimmable LED light bulbs sold, offered for sale, or publically used prior to August 24, 2009 by Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs), and/or affiliates.

3.      The subject matter of any and all documents, including but not limited to emails and other Communications, that refer or relate to this Lawsuit.

4.      The subject matter of any and all documents, including but not limited to emails and other Communications, exchanged between (i) Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs), and/or affiliates, and (ii) any Defendant in the Lawsuit or representative (including an attorney) of any Defendant in the Lawsuit.

5.      The subject matter of any and all documents, including but not limited to emails and other Communications, exchanged between TADD, LLC and any Defendant  in the Lawsuit or representative (including an attorney) of any Defendant in the Lawsuit.

6.      Marketing efforts and marketing collateral, including but not limited to, advertisements and product packaging for dimmable LED light bulbs prior to August 24, 2009 by Light Efficient Design, any of its predecessors (including but not limited to Light Emitting Designs), and/or affiliates.