# EXHIBIT 5

To Declaration of Nicole Little in Support of Defendants' Motion for Continuance

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VAXCEL INTERNATIONAL CO., LTD., <br><br> Plaintiff, <br><br>and <br><br>NORTH TECH INTERNATIONAL CO., LTD., <br><br> Counterclaimant in Intervention, <br><br>v. <br><br>HEATHCO LLC, <br>LOWE'S COMPANIES, INC., and <br>LOWE'S HOME CENTERS, LLC, <br><br> Defendants | Civil Action No. 1:15-cv-00696 <br><br>The Honorable John R. Blakey <br><br>Magistrate Judge Mary M. Rowland |

**DEFENDANTS HEATHCO LLC, LOWE'S COMPANIES, INC., AND LOWE'S HOME CENTERS, LLC'S SECOND NOTICE OF DEPOSITION TO PLAINTIFF VAXCEL INTERNATIONAL CO., LTD PURSUANT TO RULE 30(B)(6) (FINANCIAL TOPICS)**

 PLEASE TAKE NOTICE that on March 29, 2016, at Fitch, Even, Tabin & Flannery, LLP, 120 S. LaSalle St., Suite 1600, Chicago, Illinois 60657, or at such time and place as mutually agreed upon by the parties, Defendants HeathCo LLC, Lowe's Companies, Inc. and Lowe's Home Centers, LLC ("Defendants") will take the deposition of Plaintiff Vaxcel International Co. Ltd. ("Vaxcel") in accordance with Federal Rule of Civil Procedure 30(b)(6) concerning the subject matters set forth in the attached Schedule A.

 Vaxcel shall designate one or more officers, directors or managing agents or other persons who consent to testify on its behalf. Vaxcel is requested to identify each such designated person in writing on or before March 22, 2016, and for each such person identify the matters set forth in Schedule A on which that person will testify. Further, Vaxcel is required to cause each designated witness to inform himself/herself on each identified subject matter as to what

information is known or reasonably available to Vaxcel to the extent provided for in Rule 30(b)(6).

The deposition will take place upon oral examination before a notary public or other officer authorized by law to administer oaths and will continue from day-to-day until completed, with such adjournments as to time and place as may be necessary. The testimony may be recorded by sound, video and stenographic means.

Date: March 17, 2016　　　　　　　　　　　/s/Nicole L Little
　　　　　　　　　　　　　　　　　　　　　　Karl R. Fink (IL 6180508)
　　　　　　　　　　　　　　　　　　　　　　krfink@fitcheven.com
　　　　　　　　　　　　　　　　　　　　　　Nicole L. Little (IL 6297047)
　　　　　　　　　　　　　　　　　　　　　　nlittle@fitcheven.com
　　　　　　　　　　　　　　　　　　　　　　FITCH, EVEN, TABIN & FLANNERY LLP
　　　　　　　　　　　　　　　　　　　　　　120 South LaSalle Street, Suite 1600
　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 577-7000
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 577-7007

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants HeathCo, LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC*

## SCHEDULE A

### Definitions

1. "You," "Your," "Vaxcel" or "Plaintiff" mean Vaxcel International Co. Ltd and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and any and all past and present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and other persons or entities acting or purporting to act on behalf of any of the foregoing.

2. "North Tech" means North Tech International Co. Ltd., located at 7F No. 30, Yee Shien Rd., Taipei City, Taiwan (R.O.C.) and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and any and all past and present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and other persons or entities acting or purporting to act on behalf of any of the foregoing.

3. "Defendants" means HeathCo LLC, Lowe's Companies, Inc. and Lowe's Home Centers, LLC and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

4. "Lawsuit" means the civil action styled *Vaxcel International Co. Ltd. v. HeathCo LLC et al.*, No. 1:15-cv-00696 (N.D. Ill.).

5. "Asserted Patent" means U.S. Patent No. 8,310,163.

6. "Related Patents and Patent Applications" means any patent or patent application in any way related or claimed to relate to the Asserted Patent, including through a claim of priority or common disclosure; any reexamination certificate(s) issuing from, and all patent

3

applications leading to, the foregoing; and all divisional, continuation, or continuation-in-part applications and patents claiming priority to the foregoing, including all foreign counterpart patents or patent applications.

7. "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and/or 103, and includes, without limitation, any patent, printed publication, system, method, apparatus, prior knowledge, prior sale, offer for sale, or use, or any other act, event, or thing defined in 35 U.S.C. § 102, taken individually or in combination, including without limitation any system, method, apparatus, publication, patent, or use which has been cited by any person or entity as "prior art" to the Asserted Patent or related patents, and including any material that You dispute constitutes or discloses Prior Art.

8. The phrase "Accused Devices" refers to the products identified in any of Plaintiff's complaints or infringement contentions that are alleged to have been advertised as "LED compatible," including base models 5318, 5718, 5105, 4135, 4144, 4192, 4266, 4294, 4300, 4227, 4127, and 4293, or any variation thereof.

9. "Electronically stored information," "ESI," "document," and "thing" shall be interpreted consistent with the comprehensive meaning in Federal Rule of Civil Procedure 34.

10. "Person" shall mean any natural person, organization, firm, corporation, partnership, sole proprietorship, or other legal entity, and the acts "of a Person" include the acts of owners, directors, officers, members, employees, agents, attorneys, representatives, and any other Persons acting on a Person's behalf.

11. "Communication" shall mean any form of oral or written interchange, whether in person, by telephone, by facsimile, by mail, by electronic mail, or by any other medium.

4

12. "Information" means information in any form, including but not limited to documentary, electronic, graphical, or tabular form, and communicated by any means, including but not limited to orally, in writing, or electronically.

13. The terms "refer," "relate," or "relating to," mean pertaining to, referring to, and/or relating to the matter specified.

14. The terms "any," "all," and "each" shall be construed as any, all, each and every.

15. The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request more inclusive.

16. The use of the singular form of any word includes the plural and vice versa.

## Deposition Topics

1. The making, development, design, sale or offer to sell, and/or license of any product that Vaxcel alleges is covered by or is a commercial embodiment of the Asserted Patent.

2. All evidence regarding the actual use of a lighting load in any Accused Product wherein the lighting load includes a DC light-emitting diode module bridging one port of a full-wave bridge rectifier.

3. The costs, profits and revenues of any product that Vaxcel alleges is covered by or is a commercial embodiment of the Asserted Patent.

4. Any efforts by Vaxcel to mark any commercial embodiments of the Asserted Patent in compliance with 35 U.S.C. § 287, including, but not limited to, instructions to vendors, suppliers, licensees, distributors or any other third party, to mark commercial embodiments.

5. The assignment or sale of, offer to assign, sell or buy, as well as any offer, discussion, negotiation or agreement to license (in part of in whole) and/or valuation of the Asserted Patent, including the participants, dates, outcomes and terms of such assignment(s), sale(s), offer(s), discussion(s), negotiation(s) or agreement(s).

6. All agreements with respect to the subject matter claimed in the Asserted Patent, including license agreements, research agreements, joint research agreements, investment agreements, covenants not to sue, design or development agreements, and non-disclosure and confidentiality agreements.

7. All facts, not considered the subject of expert testimony, regarding or relevant to any alleged reasonable royalty or any alleged lost profits for the Asserted Patent or for comparable patents, including, but not limited to, all facts regarding or relating to any industry standards relating to licensing or royalties of the technology of the Asserted Patent, including any established royalty; the amount of demand for the inventions claimed in the Asserted Patent; the extent of Vaxcel's capacity to make the accused lost profit sales; all facts regarding or relevant to Vaxcel's ability to quantify the amount of lost profits; the existence of any derivative or convoyed sales; and any sales, profits, customers, or other business or income allegedly lost by Vaxcel due to any alleged infringement of the Asserted Patent, including sales, profits, customers, or other business or income allegedly lost to the Lowe's Defendants.

8. The purported irreparable injury to Vaxcel caused by Defendants' alleged infringement.

9. The purported financial value of the novel and nonobvious features of the Asserted Patent.

10. The remedies at law that are purportedly inadequate to compensate Vaxcel for the injury to Vaxcel caused by Defendants' alleged infringement.

11. The balance of hardships between Vaxcel and Defendants.

12. How the public would be best served by enjoining Defendants' sale of the Accused Devices.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **DEFENDANTS HEATHCO LLC, LOWE'S COMPANIES, INC., AND LOWE'S HOME CENTERS, LLC'S SECOND NOTICE OF DEPOSITION TO PLAINTIFF VAXCEL INTERNATIONAL CO., LTD PURSUANT TO RULE 30(B)(6) (FINANCIAL TOPICS)** was served on March 17, 2016 via e-mail on the following:

>Jeffrey Armstrong (armstrong@mbhb.com)
>Grantland Drutchas (drutchas@mbhb.com)
>Nicole Keenan (keenan@mbhb.com)
>Marcus Thymian (thymian@mbhb.com)
>Kirsten Thomson (thomson@mbhb.com)
>Cole Richter (richter@mbhc.com)
>MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
>300 South Wacker Drive, Suite 3100
>Chicago, IL 60606
>Telephone: 312-913-0001
>*Counsel for Vaxcel International Co. Ltd. and Counterclaimant in Intervention North Tech International Co. Ltd.*

/s/Nicole L. Little
Nicole L. Little
*Attorney for Defendants*