# EXHIBIT 6

To Declaration of Nicole Little in Support of Defendants' Motion for Continuance

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VAXCEL INTERNATIONAL CO., LTD., <br><br>       Plaintiff, <br><br>and <br><br>NORTH TECH INTERNATIONAL CO., LTD., <br><br>       Counterclaimant in Intervention, <br><br>v. <br><br>HEATHCO LLC, <br>LOWE'S COMPANIES, INC., and <br>LOWE'S HOME CENTERS, LLC, <br><br>       Defendants. | Civil Action No. 1:15-cv-00696 <br><br>The Honorable John R. Blakey <br><br>Magistrate Judge Mary M. Rowland |

**DEFENDANTS' FIRST NOTICE OF DEPOSITION TO COUNTERCLAIMANT IN
INTERVENTION NORTH TECH INTERNATIONAL CO. LTD.
<u>PURSUANT TO RULE 30(B)(6) (PATENT INFRINGEMENT TOPICS)</u>**

PLEASE TAKE NOTICE that on March 30, 2016, at Fitch, Even, Tabin & Flannery, LLP, 120 S. LaSalle St., Suite 1600, Chicago, Illinois 60657, or at such time and place as mutually agreed upon by the parties, Defendants HeathCo LLC, Lowe's Companies, Inc. and Lowe's Home Centers, LLC ("Defendants") will take the deposition of Counterclaimant in Intervention North Tech International Co. Ltd. ("North Tech") in accordance with Federal Rule of Civil Procedure 30(b)(6), concerning the subject matters set forth in the attached Schedule A.

North Tech shall designate one or more officers, directors or managing agents or other persons who consent to testify on its behalf. North Tech is requested to identify each such designated person in writing on or before March 23, 2016, and for each such person identify the matters set forth in Schedule A on which that person will testify. Further, North Tech is required

to cause each designated witness to inform himself/herself on each identified subject matter as to what information is known or reasonably available to North Tech to the extent provided for in Rule 30(b)(6). North Tech shall also provide the documents requested pursuant to Rule 30(b)(2).

The deposition will take place upon oral examination before a notary public or other officer authorized by law to administer oaths and will continue from day-to-day until completed, with such adjournments as to time and place as may be necessary. The testimony may be recorded by sound, video and stenographic means.

Date: March 17, 2016 /s/Nicole L Little
Karl R. Fink (IL 6180508)
krfink@fitcheven.com
Nicole L. Little (IL 6297047)
nlittle@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

*Attorneys for Defendants HeathCo, LLC, Lowe's Companies, Inc., and Lowe's Home Centers, LLC*

2

**SCHEDULE A**

**Definitions**

1. "You," "Your," or "North Tech" means North Tech International Co. Ltd., located at 7F No. 30, Yee Shien Rd., Taipei City, Taiwan (R.O.C.) and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and any and all past and present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and other persons or entities acting or purporting to act on behalf of any of the foregoing.

2. "Vaxcel" and "Plaintiff" mean Vaxcel International Co. Ltd and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, and any and all past and present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and other persons or entities acting or purporting to act on behalf of any of the foregoing.

3. "Defendants" means HeathCo LLC, Lowe's Companies, Inc. and Lowe's Home Centers, LLC and all related entities, predecessors, successors, subsidiaries, divisions, and/or affiliates thereof, past or present, and all past or present officers, directors, agents, employees, consultants, accountants, attorneys, representatives, and any other person or entity acting on behalf of any of the foregoing.

4. "Lawsuit" means the civil action styled *Vaxcel International Co. Ltd. v. HeathCo LLC et al.*, No. 1:15-cv-00696 (N.D. Ill.).

5. "Asserted Patent" means U.S. Patent No. 8,310,163.

6. "Related Patents and Patent Applications" means any patent or patent application in any way related or claimed to relate to the Asserted Patent, including through a claim of

priority or common disclosure; any reexamination certificate(s) issuing from, and all patent applications leading to, the foregoing; and all divisional, continuation, or continuation-in-part applications and patents claiming priority to the foregoing, including all foreign counterpart patents or patent applications.

7. "Prior Art" is used herein in the same sense that it is used in 35 U.S.C. §§ 102 and/or 103, and includes, without limitation, any patent, printed publication, system, method, apparatus, prior knowledge, prior sale, offer for sale, or use, or any other act, event, or thing defined in 35 U.S.C. § 102, taken individually or in combination, including without limitation any system, method, apparatus, publication, patent, or use which has been cited by any person or entity as "prior art" to the Asserted Patent or related patents, and including any material that You dispute constitutes or discloses Prior Art.

8. The phrase "Accused Devices" refers to the products identified in any of Plaintiff's complaints or infringement contentions that are alleged to have been advertised as "LED compatible," including base models 5318, 5718, 5105, 4135, 4144, 4192, 4266, 4294, 4300, 4227, 4127, and 4293, or any variation thereof.

9. "Electronically stored information," "ESI," "document," and "thing" shall be interpreted consistent with the comprehensive meaning in Federal Rule of Civil Procedure 34.

10. "Person" shall mean any natural person, organization, firm, corporation, partnership, sole proprietorship, or other legal entity, and the acts "of a Person" include the acts of owners, directors, officers, members, employees, agents, attorneys, representatives, and any other Persons acting on a Person's behalf.

11. "Communication" shall mean any form of oral or written interchange, whether in person, by telephone, by facsimile, by mail, by electronic mail, or by any other medium.

12. "Information" means information in any form, including but not limited to documentary, electronic, graphical, or tabular form, and communicated by any means, including but not limited to orally, in writing, or electronically.

13. The terms "refer," "relate," or "relating to," mean pertaining to, referring to, and/or relating to the matter specified.

14. The terms "any," "all," and "each" shall be construed as any, all, each and every.

15. The words "and" and "or" shall be used conjunctively or disjunctively, whichever makes the request more inclusive.

16. The use of the singular form of any word includes the plural and vice versa.

## Deposition Topics

1. The Asserted Patent.

2. All facts and circumstances related to the conception, development, reduction to practice, design, prototyping, and prosecution of the Asserted Patent, including any and all evidence corroborating such activities.

3. The inventorship of the Asserted Patent and the identity of each person who contributed to any invention disclosed or claimed in the Asserted Patent and the specific contributions of each person to the alleged invention.

4. The preparation, filing and prosecution of the Asserted Patent.

5. The alleged infringement by Defendants of the Asserted Patent.

6. North Tech's involvement in, contribution to or knowledge of any pre-filing investigation, due diligence or analysis conducted by North Tech, Plaintiff, or any other third party, prior to the institution of this Lawsuit.

7. North Tech's involvement in, contribution to or knowledge of any accusations by North Tech, Plaintiff, or any other related third party, of infringement of the Asserted Patent by any third parties.

8. Communications between North Tech and any third parties relating to the subject matter of this Litigation.

9. Communications between North Tech and Plaintiff relating to the subject matter of this Litigation.

10. Communications between North Tech and any third parties relating to the Asserted Patent.

11. Communications between North Tech and any third parties relating to any Defendant or its products.

12. The past and present chain of ownership, any assignments, licensing, and enforcement interests in the Asserted Patent, as well as any other legal or equitable interests in the Asserted Patent.

13. North Tech's employees, including, but not limited to, its employment of C.T. Chen, Richard Chen, Thomas Chen, Wilson Chen and Amy Chen.

14. The policies and procedures of North Tech's record keeping, including, without limitation, the basis for any determination of whether any records belong to North Tech, Plaintiff, Vaxcel International Trading, or any other related entity, and any document retention policies.

15. The preservation of information by North Tech and its employees concerning the subject matter of the Lawsuit and the Asserted Patent.

16. The organizational structure of North Tech, the respective roles and responsibilities of North Tech and related entities, the control and ownership of North Tech, or any portion of North Tech, including without limitation the capital structure, allocation of shares, securities or ownership interest and any change in such allocation.

17. North Tech's license(s) to the Asserted Patent.

18. North Tech's sales of any products alleged to fall within the scope of the Asserted Patent.

19. The making, development, design, sale or offer to sell, and/or license of any product that Vaxcel and/or North Tech alleges is covered by or is a commercial embodiment of the Asserted Patent.

20. All evidence regarding the actual use of a lighting load in any Accused Product wherein the lighting load includes a DC light-emitting diode module bridging one port of a full-wave bridge rectifier.

21. The costs, profits and revenues of any product that Vaxcel and/or North Tech alleges is covered by or is a commercial embodiment of the Asserted Patent.

22. The assignment or sale of, offer to assign, sell or buy, as well as any offer, discussion, negotiation or agreement to license (in part of in whole) and/or valuation of the Asserted Patent, including the participants, dates, outcomes and terms of such assignment(s), sale(s), offer(s), discussion(s), negotiation(s) or agreement(s).

23. All agreements with respect to the subject matter claimed in the Asserted Patent, including license agreements, research agreements, joint research agreements, investment agreements, covenants not to sue, design or development agreements, and non-disclosure and confidentiality agreements.

24. The purported financial value of the novel and nonobvious features of the Asserted Patent.

25. Any efforts by North Tech to mark any commercial embodiments of the Asserted Patent in compliance with 35 U.S.C. § 287, including, but not limited to, instructions to vendors, suppliers, distributors, licensees, or any other third party, to mark commercial embodiments.

26. North Tech's knowledge and awareness of any of Defendants' products accused in the Litigation, including, but not limited to, any of Defendants' products sold prior to August 24, 2009.

27. North Tech's knowledge of U.S. Patent No. 5,598,066.

28. North Tech's knowledge of U.S. Patent No. 5,747,937.

29. Prior Art to the Asserted Patent, including prior examples of light dimming technologies, prior examples of light dimming technologies using time delays for connecting electrical current to lighting loads during the half waves of an alternating current, prior examples of light dimming technologies using LED lighting loads, and Prior Art cited by the examiner or applicant in connection with the application that resulted in the Asserted Patent, as well as Prior Art identified by Defendants in this case.

30. The identity of and functionality of two-level lighting systems prior to the filing date of the Asserted Patent.

31. LED lighting loads and LED bulbs in use as of the priority date and/or filing date of the Asserted Patent, including, but not limited to a DC light-emitting diode module bridging one port of a full-wave bridge rectifier.

32. The subject matter of any of the documents North Tech has produced or will produce in the Litigation.

**Documents Requested**

1. The current CV of the testifying corporate representative(s).

2. Any documents that have not been produced previously and that are in North Tech's (or the designated corporate representative(s)') possession, custody, or control and that refer or relate to the topics identified above.

3. All documents and things relating to the conception, development, reduction to practice, design, prototyping, and prosecution of the inventions claimed in the Asserted Patent.

4. All documents and things relating to Prior Art to the Asserted Patent.

5. All documents and things relating to North Tech's knowledge of any version of the devices accused of infringement in this Lawsuit being sold or offered for sale prior to August 24, 2009

6. All documents and things relating to inventorship of each asserted claim of the Asserted Patent.

7. All documents and things relating to the Asserted Patent.

8. All documents and things relating to any payment or compensation North Tech has received or will receive that relates to the Asserted Patent or the Lawsuit.

9. All documents demonstrating all financial and/or pecuniary interest held by North Tech in the outcome of the Lawsuit.

10. All documents reflecting or relating to communications between North Tech and any other person or entity relating to the Lawsuit.

11. All documents reflecting or relating to the ownership and assignment of the Asserted Patent.

9

12. All documents reflecting or relating to any contemplated or potential changes in ownership or assignment of the Asserted Patent, regardless of whether such change ever occurred.

13. All documents reflecting or relating to licenses to the Asserted Patent.

14. All documents reflecting or relating to supply or distribution agreements relating to the subject matter claimed by the Asserted Patent.

15. All documents reflecting any relationship between Plaintiff and North Tech.

16. All documents reflecting any relationship between North Tech International Co. Ltd. and Vaxcel International Trading.

17. All documents reflecting any relationship between Plaintiff and Vaxcel International Trading.

18. Documents regarding the policies and procedures of North Tech's record keeping, including, without limitation, the basis for any determination of whether any records belong to North Tech, Plaintiff, Vaxcel International Trading, or any other related entity, and any document retention policies.

19. Documents sufficient to show the corporate structure of Plaintiff.

20. Documents sufficient to show the corporate structure of North Tech.

21. All documents regarding the efforts of North Tech to commercially exploit the Asserted Patent, including, but not limited to, any sales, offers to sell, importation, marketing, promotion and advertisement of commercial embodiments of the Asserted Patent or the features thereof, and any efforts to license the Asserted Patent.

22. All documents regarding any efforts by North Tech to mark any commercial embodiments of the Asserted Patent in compliance with 35 U.S.C. § 287, including, but not

limited to, instructions to vendors, suppliers, distributors or any other third party, to mark commercial embodiments.

23. All documents regarding or relevant to any alleged reasonable royalty or any alleged lost profits for the Asserted Patent or for comparable patents.

24. All documents evidencing any utility and advantages of the inventions claimed by the Asserted Patent over the Prior Art.

25. All documents regarding the actual use of a lighting load in any Accused Product wherein the lighting load includes a DC light-emitting diode module bridging one port of a full-wave bridge rectifier.

26. All documents responsive to any of the Requests For Production served upon Plaintiff that are in North Tech's possession, custody or control that have not been and/or will not be produced by Plaintiff.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **DEFENDANTS' FIRST NOTICE OF DEPOSITION TO COUNTERCLAIMANT IN INTERVENTION NORTH TECH INTERNATIONAL CO. LTD. PURSUANT TO RULE 30(B)(6) (PATENT INFRINGEMENT TOPICS)** was served on March 17, 2016 via e-mail on the following:

>Jeffrey Armstrong (armstrong@mbhb.com)
>Grantland Drutchas (drutchas@mbhb.com)
>Nicole Keenan (keenan@mbhb.com)
>Marcus Thymian (thymian@mbhb.com)
>Kirsten Thomson (thomson@mbhb.com)
>Cole Richter (richter@mbhc.com)
>MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
>300 South Wacker Drive, Suite 3100
>Chicago, IL 60606
>Telephone: 312-913-0001
>*Counsel for Vaxcel International Co. Ltd. and*
>*Counterclaimant in Intervention North Tech International Co. Ltd.*

>/s/Nicole L. Little
>Nicole L. Little
>*Attorney for Defendants*